UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MUSTAFA OZSUSAMLAR,<br><br>                              Petitioner,<br><br>          -against-<br><br>UNITED STATES OF AMERICA,<br><br>                              Respondent. | 26-CV-3962 (LTS)<br><br>05-CR-1077-1 (RA)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner is currently incarcerated at Oakdale FCI in Louisiana. He brings this *pro se* petition for a writ of *habeas corpus*, challenging the constitutionality of his conviction and sentence entered in *United States v. Ozsusamlar*, No. 05-CR-1077-1 (RA) (S.D.N.Y. Nov. 8, 2007). For the reasons set forth below, the Court transfers this action to the United States Court of Appeals for the Second Circuit.

## DISCUSSION

### A.      Successive Section 2255 motion

A motion under 28 U.S.C. § 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence." *Jiminian v. Nash*, 245 F.3d 144, 146–47 (2d Cir. 2001). Petitioner argues that there is evidence showing that his "actual innocence through factual impossibility," and he seeks release from custody. (ECF 1 at 1.) The proper jurisdictional basis for the relief Petitioner seeks is a motion under Section 2255.[1]

---

[1] Petitioner styles this application as a motion under 28 U.S.C. § 2244(b)(3)(E), which provides that "[t]he grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable." Section 2244(b)(3)(E) is not relevant to the relief that Petitioner seeks.

Petitioner has already challenged this conviction and sentence in a Section 2255 motion, and the motion was adjudicated on the merits. *See Ozsusamlar v United States*, No. 10-CV-7565 (BSJ) (S.D.N.Y. Nov. 26, 2012), *appeal dismissed*, No. 13-252 (2d. Cir. Dec. 9, 2013). Because Petitioner's prior Section 2255 motion was adjudicated on the merits, this motion is "second or successive," 28 U.S.C. § 2255(h); *Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998) (holding that an application is second or successive when a prior motion was adjudicated on the merits).[2]

**B.      Savings Clause Unavailable**

Petitioner contends that relief is available to him under the "savings clause" of Section 2255(e). A petitioner may bring a petition under 28 U.S.C. § 2241 pursuant to the savings clause in limited circumstances where a Section 2255 motion "is inadequate or ineffective to test the legality of his detention," 28 U.S.C. § 2255(e); *see Jones v. Hendrix*, 599 U.S. 465, 474 (2023) ("Traditionally, courts have treated the saving clause as covering unusual circumstances in which is it impossible or impracticable for a prisoner to seek relief from the sentencing court."); *Poindexter v. Nash*, 333 F.3d 372, 378 (2d Cir. 2003).

The savings clause authorizes a Section 2241 petition "only when § 2255 is unavailable *and* the petition is filed by an individual who (1) 'can prove actual innocence on the existing record,' and (2) 'could not have effectively raised [his] claim[ ] of innocence at an earlier time,'" *Dhinsa v. Krueger*, 917 F.3d 70, 81 (2d Cir. 2019) (emphasis in original) (quoting *Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003)). Section 2255 relief is "*not* inadequate or ineffective simply because the prisoner cannot meet the gate-keeping requirements of the Antiterrorism and

---

[2] A court may recharacterize an application as a second or successive Section 2255 motion without providing the petitioner an opportunity to withdraw the application. *Jiminian*, 245 F.3d at 148.

Effective Death Penalty Act ("AEDPA"), so long as the claim the prisoner seeks to raise was previously available to him on direct appeal or in a prior § 2255 petition." *Adams v. United States*, 372 F.3d 132, 135 (2d Cir. 2004) (emphasis in original).

Petitioner argues that he is actually innocent and that "official records" confirm that he was in jail in Washington, D.C., on the same dates that Agent Campanello of the Federal Bureau of Investigation testified that he had "followed Mr. Mustafa." (ECF 1, at 1-2.) Petitioner has not set forth any argument why this ground for relief could not effectively have been raised in a prior Section 2255, and he therefore fails to establish that he is entitled to proceed under the savings clause.

**C.      Transfer to the United States Court of Appeals**

Before a petitioner may file a second or successive Section 2255 motion in a district court, authorization from the appropriate court of appeals is required. 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255(h). Petitioner does not indicate that he received authorization from the United States Court of Appeals for the Second Circuit to file this motion. When a second or successive motion is filed without authorization in the district court, it should be transferred to the appropriate court of appeals, *Liriano v. United States*, 95 F.3d 119, 122–23 (2d Cir. 1996) (*per curiam*). Accordingly, in the interest of justice, the Court transfers this second or successive Section 2255 motion to the United States Court of Appeals for the Second Circuit.

**CONCLUSION**

In the interest of justice, the Court transfers this successive Section 2255 motion, under 28 U.S.C. § 1631, to the United States Court of Appeals for the Second Circuit. *See Liriano*, 95 F.3d at 122-23.

This order closes this action.

3

Because the motion at this time makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that "a defendant's good faith in [a criminal] case [is] demonstrated when he seeks appellate review of any issue not frivolous").

SO ORDERED.

Dated:    May 13, 2026
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge